IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAIME SIERRA<br>(BOP Register No. 44800-177),<br><br>  Movant,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:16-cv-1151-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Movant Jaime Sierra, a federal prisoner, has filed a *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, asserting that he is eligible for relief based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), and that his trial counsel was constitutionally ineffective. *See* Dkt. Nos. 7 & 8. His motion has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The government has filed a response in opposition. *See* Dkt. No. 12. And Sierra has filed a reply brief. *See* Dkt. No. 13. The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the Section 2255 motion.

**Applicable Background**

Sierra was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and two counts of possession with intent to distribute a

controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and he was sentenced to concurrent sentences of 120 months of imprisonment for the felon-in-possession conviction, *see* 28 U.S.C. § 924(a)(2), and 154 months of imprisonment for each drug conviction, *see United States v. Sierra*, No. 3:12-cr-202-P (01) (N.D. Tex.). His direct appeal was dismissed after his counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). *See United States v. Sierra*, No. 13-10083 (5th Cir. Nov. 20, 2013) (per curiam). And, although Sierra has collaterally attacked his sentence (unsuccessfully) under 18 U.S.C. § 3582(c)(2), *see* No. 3:12-cr-202-P (01), Dkt. Nos. 39 & 40, this is his first motion under Section 2255.

**Legal Standards and Analysis**

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563. Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

But Sierra did not receive an increased sentence under the ACCA's residual clause. Instead, the guideline sentence applicable to each drug conviction was

enhanced because Sierra was determined to be a career offender under U.S.S.G. § 4B1.1 based on two prior Texas convictions for aggravated assault with a deadly weapon and for burglary of a habitation. *See* No. 3:12-cr-202-P (01), Dkt. No. 20-1, ¶¶ 35, 45, & 54; *see also id.* at 24-35 (state court records supporting these convictions).

"Unlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886, 892 (2017) (concluding, squarely applicable to Sierra's *Johnson*-based claim, that "[t]he residual clause in [U.S.S.G.] § 4B1.2(a)(2) ... is not void for vagueness"); *cf. Ellis v. United States*, Nos. 1:09-cr-00103-JAW & 1:16-cv-00003-JAW, 2017 WL 972092, at *1-*2 (D. Me. Mar. 10, 2017) ("Petitioner maintains he is entitled to relief under *Johnson* because two Maine burglary convictions used by the Court to enhance his sentence pursuant to U.S.S.G. § 2K2.1(a)(1) are no longer violent crimes.... *Johnson*, however, does not apply to sentences enhanced under the guidelines." (citing *Beckles*; footnote omitted)).

*Johnson* is therefore not applicable here. And Sierra's claim based on *Johnson* should be denied.

Because *Johnson* does not apply, moreover, the timeliness of Sierra's motion cannot be determined under 28 U.S.C. § 2255(f)(3). *See, e.g., Tolbert v. United States*, No. 3:16-cv-1897-G-BN, 2017 WL 507408, at *5 (N.D. Tex. Jan. 17, 2017) ("[B]ecause each of Tolbert's underlying offenses is a 'crime of violence' under Section 924(c)'s force

-3-

clause, which does not contain language remotely similar to language in a separate statute that Johnson struck down as unconstitutionally vague, his Section 2255 motion is not timely under Section 2255(f)(3)."), *rec. accepted*, 2017 WL 495960 (N.D. Tex. Feb. 7, 2017). And the timeliness of Sierra's ineffective-assistance-of-counsel claims (the "IAC claims") should be evaluated under 28 U.S.C. § 2255(f)(1), based on the date his judgment of conviction became final.

As stated above, the United States Court of Appeals for the Fifth Circuit dismissed Sierra's direct appeal on November 20, 2013. His criminal judgment became final 90 days later, on February 18, 2014, when the time for petitioning the Supreme Court for review on certiorari expired. *See* SUP. CT. R. 13; *United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016) ("Although [the Antiterrorism and Effective Death Penalty Act, or AEDPA,] does not define when a conviction 'becomes final' for purposes of federal habeas review of a federal conviction, the Supreme Court[ of the United States] stated in *Clay v. United States* that '[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" (quoting 537 U.S. 522, 527 (2003))).

Because the current motion was not filed within one year from February 18, 2014 – and because Sierra has not shown that this one-year deadline should be extended based on either equitable tolling or the narrow actual-innocence exception – his IAC claims are time-barred. *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) ("[A] litigant is entitled to equitable tolling of

a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))); *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1936 (2013) (noting that the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error'" (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995))).

## Recommendation

The Court should deny the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 15, 2017

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE